IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSY L. PENN, § | |
| § PLAINTIFF, | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-402-L-BK |
| § | |
| ARMY & AIR FORCE EXCHANGE § | |
| SERVICE, ET AL., § | |
| § DEFENDANTS. | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Josy L. Penn's motion to proceed *in forma pauperis*. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On February 21, 2020, Penn commenced a *pro se* employment discrimination action in state court against Army Air Force Exchange Service ("AAFES"), the Department of Defense, and the Secretary of Defense. Civ. Doc. 1-5 at 1. Defendants timely removed the case and this Court subsequently dismissed it as jurisdictionally barred by the doctrines of sovereign immunity and derivative jurisdiction. *Penn v. Army Air Force Exchange Serv.*, No. 3:20-CV-00689-K-BK, 2020 WL 6877700 (N.D. Tex. Oct. 22, 2020), *R. & R. adopted*, 2020 WL 6873603 (N.D. Tex. Nov. 23, 2020). Penn did not file a notice of appeal but, on December 18, 2020, she filed a one-

page document that was entered on the docket as a motion to extend time to file a case and to appoint counsel. Civ. Doc. 18. The motion remains pending, and the Government opposes granting relief, regardless of whether Penn seeks to refile her claims in the 2020 action or relief from the final judgment. Civ. Doc. 19; Civ. Doc. 20.

Meanwhile, Penn filed this new *Complaint* on February 24, 2021, against AAFES, former Secretary of Defense Christopher Miller, and AAFES Director/CEO Tom Shull. Doc. 3. As confirmed by her *Answers to Magistrate Judge's Questionnaire*, Penn raises the same employment discrimination claims presented in the 2020 action. Doc. 9 at 2-5. In essence, she asserts defendants discriminated against her and denied her employment benefits to which she was entitled. Doc. 9 at 4-5, 8; Doc. 3 at 3 (seeking "restoration of her position with AAFES, restoration of benefits, recovery of front pay and back pay and contracts upheld along with her eligible retirement date corrected and benefits restored"). With her *Answers to Magistrate Judge's Questionnaire*, Penn also encloses a complete copy of the last decision from the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, dated February 6, 2020, which affirmed the agency's final decision dismissing Penn's complaint of unlawful discrimination under Title VII, the Rehabilitation Act, and the Age Discrimination in Employment Act. Doc. 9 at 107-112.[1]

Upon review, the Court concludes that Penn's federal employment discrimination claims in the instant lawsuit are untimely and, as such, subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

---

[1] Penn's prior unsuccessful administrative actions are summarized in the October 22, 2020 *Findings, Conclusions and Recommendation. See Penn*, 2020 WL 6877700, at *1 (citing Civ. Doc. 1-5 at 6; Civ. Doc. 1-5 at 24; Civ. Doc. 1-5 at 53; Civ. Doc. 1-5 at 1; Civ. Doc. 6 at 1-3).

## II. ANALYSIS

"Under 42 U.S.C. § 2000e–16(c), a federal employee may file a civil action 'within 90 days of receipt of notice of final action taken by a department, agency, or unit….'" *Carrizal v. Brennan*, 834 F. App'x 915, 917–18 (5th Cir. 2020) (per curiam). Section 2000e–16(c) "is a condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990). Further, the 90-day period is treated like any other statute of limitations and is thus subject to equitable tolling. *Id.* at 95-96 (holding equitable tolling doctrine is generally applicable to § 2000e-16(c)); *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991) (recognizing equitable tolling applies based on *Irwin*).

Here, the last decision that Penn received from the EEOC Office of Federal Operation is dated February 6, 2020. Doc. 9 at 112. Thus, Penn was required to file suit in federal court by no later than Monday, May 11, 2020 (inclusive of an additional five days for mailing).[2] But she did not file her *Complaint* in this case until February 24, 2021. And Penn has demonstrated no basis for equitable tolling. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (recognizing three potential bases for equitably tolling the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights).

Penn alleges in her *Complaint* that she "timely brought her original claims against AAFES in Dallas state court, which AAFES subsequently removed to federal court[,] where her

---

[2] *See Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015) (presuming EEOC right-to-sue letter is received within three days of mailing where the date of receipt is not known, but noting that 29 C.F.R. § 1614.604(b) grants federal employees five days).

complain[t] was dismissed … and her request to reinstate is pending." Doc. 3 at 3. However, as the Court held in Penn's earlier action, "the state court lacked jurisdiction over all of Penn's claims because the United States did not explicitly waive its sovereign immunity against suit in the state court." *Penn*, 2020 WL 6877700, at *2; *see also* Doc. 9 at 111 (notifying Penn of the right to file a civil action "in an appropriate United States District Court" within 90 days of receipt of the final agency action). And because the state court could not exercise jurisdiction over Penn's initial action, the first basis for equitable tolling (suit pending in wrong forum) does not apply. *See Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302 (5th Cir. 1979) (clarifying that equitable tolling requires "an action before a state court which *had jurisdiction over the subject matter of the suit,* but which was the wrong forum under state law, reasoning that the policy of repose inherent in the timely filing requirement was satisfied since the initial state court action was filed against the same parties served in the federal suit and alleged an identical cause of action" (emphasis added)). Penn does not plead any other grounds for equitable tolling.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons outlined herein, Penn's claims cannot be cured by amendment. The Court simply lacks subject matter jurisdiction over Penn's claims. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on April 29, 2021.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).