IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSY L. PENN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-402-L-BK** |
| | § | |
| **ARMY & AIR FORCE EXCHANGE** | § | |
| **SERVICE; CHRISTOPHER MILLER;** | § | |
| **and TOM SHULL,** | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On April 29, 2021, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered, recommending that the court dismiss without prejudice Plaintiff's federal employment discrimination claims and this action for lack of subject matter jurisdiction because her claims were not filed timely, as required for the waiver of sovereign immunity under 42 U.S.C. § 2000c-16(c), and she has not presented any valid basis for equitable tolling.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed objections to the Report on May 10, 2021, contending that the magistrate judge erred in determining that the state court where she filed her initial action never had jurisdiction over her claims. Plaintiff argues that, contrary to the magistrate judge's determination, her filing suit in the wrong state court forum after the agency's final decision, is a basis for equitable tolling. Plaintiff further asserts that sovereign immunity is an affirmative defense that must be raised by the Army & Air Force Exchange Service. Plaintiff's objections are not supported by any legal authority.

**Order – Page 1**

Moreover, having considered Plaintiff's pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court, except that the court will dismiss with prejudice this action. Plaintiff's objections are, therefore, **overruled**. Ordinarily, when a court lacks subject matter jurisdiction, dismissal should be without prejudice; however, dismissal "with prejudice" is appropriate here because there is no other forum in which Plaintiff can bring these claims, and, as correctly noted by the magistrate judge, the fatal flaw in Plaintiff's claims in failing to bring them in a court of appropriate jurisdiction within the time mandated by the statute, cannot be cured. Accordingly, the court **dismisses with prejudice** Plaintiff's claims and this action as time-barred.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 6th day of July, 2021.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge